OPINION OF THE COURT
Hilda G. Schwartz, J.
This memorandum accompanies the order signed herewith appointing a conservator, as an interpretation of article 77 of the Mental Hygiene Law, as amended in 1974, particularly as it may apply to substantial estates. The estate of the conservatee here is of proportions far greater than the property and assets involved in the usual conservatorship proceeding.
The size of the estate notwithstanding, article 77 of the Mental Hygiene Law must be applied and interpreted. The order signed herewith covers each of the matters required under article 77. of the Mental Hygiene Law, and, particularly, under sections 77.19, 77.21 and 77.27.
While section 77.27 in an ordinary case may provide a reasonable formula for the fixation of fees for a conservator in an average estate, this formula cannot apply where the corpus of the estate appears to exceed $50,000,000 and the annual income runs into millions of dollars.
*887 A reasonable fee was granted to each of the guardians ad litem in accordance with the substantial services rendered. Both the attorney for the petitioner and the guardian ad litem of the conservatee rendered extraordinary services, both in quantity, high skill and experienced judgment in the diversity of the estate and the many unique problems presented; the obstacles of multiple litigation, serious charges and domestic complications.
There were cross petitions filed by the wife of the conservatee for appointment of a committee, a petition in habeas corpus; various objections to Mr. Merrick’s choice of conservator and other proceedings, on all of which the conservatee’s guardian properly appeared and was heard. Detailed and comprehensive interim and final reports were submitted by the guardian. His attendance and testimony at all of the proceedings contributed significantly to clarification and resolution of the issues. The extraordinary responsibility reposed in the guardian and the complexity of these proceedings, possibly unprecedented in a conservatorship, not only required the assistance of able counsel but the high degree of skill and experience of the guardian.
The attorney for the petitioner was required to and did perform demanding, exhaustive and extraordinarily difficult legal work here, putting aside the demands of a very busy practice to concentrate on this matter, often to the extent of 14- and 16-hour days.
Before the 1974 amendment of article 77 of the Mental Hygiene Law, compensation to a conservator was the same as allowed to a committee appointed pursuant to article 78 of the Mental Hygiene Law, which provides (§ 78.21, subd [a]) that compensation “shall be at the same rates as that of an executor or administrator” (SCPA 2307). The 1974 amendment to section 77.27 provided, however, that “compensation of a conservator shall be fixed by the court at the time of appointment”. The provisions of section 78.21 are now to be used as a guide only. In the moderate estate, fixation of fees in accordance with section 78.21 would, in most instances, be reasonable and not excessive. However, a problem arises in an estate such as the one at bar, in which the corpus and the receipts and disbursements may be measured in millions of dollars. The guidelines provided *888 by section 78.21 are inappropriate here. (See Matter of Huffard, 85 Misc 2d 399 [Baer, J.]; Matter of Taub, NYLJ, April 7, 1977, p 10, col 1 [Supreme Ct, NY County, 1977, Schwartz, J.].)
Accordingly, the court has provided that the fees of the conservator be fixed in accordance with the services actually rendered in lieu of commissions on the corpus of the estate and in no event exceeding the guidelines provided in section 78.21 of the Mental Hygiene Law.